On the Rehearing.
The opinion of the Court was delivered by
Lew, J.
A careful review of our previous opinion in this case lias failed to convince us that there is any error in the legal principles enunciated as to the effect of the legal mortgage on the property of the tutor in favor of his minor children.
Both appellant and appellee insist that we have erred in our' ascertainment of the amount due on the tutor’s account, and suggest the several items which should be on the one or the other hand, allowed or rejected.'
We liave taken much pains in an investigation of all the matters involved in the settlement of the account, and diligently considered the evidence in the record, supporting and opposing the items contained in the account. The result of our investigations causes us to revise the account as rendered by the tutor, and also that restated by the Judge of the lower court, and to state the account in accordance’ with our views based on the evidence before us.
*36 Tlie evidence on which it is sought to charge the tutor with the stun of $3,000, alleged to be on hand and held by him at the date of his wife’s death, is wholly insufficient to sustain the charge. The item is far in excess of $500, and the tutor’s testimony, without corroborating circumstances, does not afford such proof as the law requires. The record contains nothing in corroboration of his testimony, which is, in itself, vague and indefinite, failing to denote or even to indicate whence this sum in cash was derived, when or how it was received, or anything throwing light upon the transaction, or giving any clue to its source. We must, therefore, reject it.
On the first hearing- of this case, the argument was directed entirely to the question as to whether this item, which was not in general disputed, and which did not appear on the inventory, was covered by the mortgage in favor of the minors, and therefore we did not give it .the attentive consideration which we have now done.
We think the account, as stated by the Judge a quo, should be further amended by crediting the tutor with one-sixth of the Calderwood debt of $2,100, and one-sixth of the Chaffe debt of $703.
The account allowed a credit to the tutor of $612, his share of the Piedmont Insurance Policy. As he was not charged with the amount of this Policy the credit is erroneous. Therefore, the account should stand as follows:
Debit of tutor as per account.............. $3,034.97
Credit. As per account.......................... $2,719.34
Less this amount erroneously allowed..... 612.00
$2,107.34
Add one-sixth of $2,100, Calderwood debt.. $ 350.00
“ “ $703, Chaffe debt....... 117.161-
--- 467.16|-
Balance......................... $636.17-J
The'evidence shows that there was received on the Carolina Policy only the sum of $4,000, so that there was only due to each child $4000-6 = $666.66§, instead of $833.331, with which last amount the tutor is charged, making a difference of $166.66$, with which the tutor should be credited, thus making the balance $636.17-J — glOO.GJÍ, = $469.50f, due by him to each of the plaintiffs.
Our former decree herein is therefore amended, by allowing to each of the plaintiffs, in capital, the sum of four hundred and sixty-nine dollars and fiftj' and two-thirds cents, $469.50f-, and that in other respects the judgment appealed from be affirmed at the costs of appellees.